UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALLEN HOSTETLER, VANCE BRIGGS, MICHAEL MILLER, ANGELA DAY, GEORGE BISHOP, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:18-cv-3995 |
| JOHN DOE 1 and JOHN DOE 2, members of the Indianapolis Metropolitan Police Department sued in their individual capacities, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**Complaint for Damages**

**Introduction**

1.      Plaintiffs are homeless persons who have resided for some time beneath a railroad overpass on a portion of public sidewalks and public property on a little traveled street just east of downtown Indianapolis. On December 17, 2018, the defendants, two on-duty Indianapolis Metropolitan Police Department officers, with no prior notice and without cause, removed plaintiffs' possessions and destroyed them without affording them an opportunity to reclaim them after they were seized. The property was obviously not abandoned. Not only was clothing, bedding, and tents destroyed, but a number of the plaintiffs lost necessary prescription medications. The seizure of plaintiffs' possessions without cause, notice, and an opportunity to reclaim them violated both the Fourth Amendment and the procedural due process guaranteed by the Fourteenth Amendment

[1]

of the United States Constitution. Additionally, plaintiff Allen Hostetler was unreasonably seized with excessive force, also in violation of the Fourth Amendment.

**Jurisdiction, venue, cause of action**

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

**Parties**

6. Allen Hostetler is an adult resident of Indianapolis, Indiana.

7. Vance Briggs is an adult resident of Indianapolis, Indiana.

8. Michael Miller is an adult resident of Indianapolis, Indiana.

9. Angela Day is an adult resident of Indianapolis, Indiana.

10. George Bishop is an adult resident of Indianapolis, Indiana,

11. John Doe 1 is an as of yet unidentified officer of the Indianapolis Metropolitan Police Department who is sued in his individual capacity. Once identified plaintiffs will seek to add him to this case in his actual name.

12. John Doe 2 is an as of yet unidentified officer of the Indianapolis Metropolitan Police Department who is sued in his individual capacity. Once identified plaintiffs will seek to add him to this case in his actual name.

**Factual Allegations**

13. The plaintiffs are currently homeless and have been for some time.

14. Prior to December 17, 2018, they slept on a sidewalk underneath a railroad bridge at the intersection of South Pine and East Georgia Streets in Indianapolis.

15. The intersection is infrequently traveled and the homeless persons sleeping there made sure that they in no way obstructed the sidewalks or the streets.

16. The plaintiffs slept in separate tents and kept their possessions with them in or near their sleeping areas. The property was neatly arranged and was clearly not abandoned.

17. At no time were they given any notice from any person or entity that they had to move from the area and remove their possessions.

18. In the morning hours of December 17, 2018, all of the plaintiffs had left the area with the exception of plaintiff Allen Hostetler who was asleep in his tent.

19. Plaintiff Hostetler was awakened by someone, later identified as John Doe 1, announcing from the outside of the tent that he was a police officer.

20. Mr. Hostetler thought it was a friend of his and he told him to go away, using an obscenity. He did nothing else.

21. Officer Doe 1 proceeded to reach into the tent and drag Mr. Hostetler out of the tent by his ankles. In the course of doing this Officer Doe 1 severely cracked the screen of Mr. Hostetler's phone. The phone is essential to Mr. Hostetler as he uses it to obtain odd jobs.

22. After Mr. Hostetler was out of the tent Officer John Doe 1 informed him that he had five minutes to grab whatever property he could and the rest of it was going to be removed.

23. Mr. Hostetler attempted to secure his property and also went towards the tents of the other plaintiffs, who were not present, to try and take some of their property as well so it would not be removed. But, he was informed by Officer John Doe 1 that he could only take his property and had to leave the other property behind.

24. After five minutes Mr. Hostetler had secured what property of his that he could, but he was unable to secure all of it.

25. Along with the police car, there was a white large flat-bed truck under the bridge. While the defendant officers watched, three to four persons from the truck grabbed up the remainder of plaintiff Hostetler's property and all the property of the other plaintiffs. They threw all of this into the trailer truck. There was no attempt to separate property from trash; it was all thrown away.

26. The officers and the truck drove away.

27. At no time did the officers or anyone else inform Mr. Hostetler of where he or the other plaintiffs could go to reclaim the property. Instead it was clear that the property was being disposed of as trash.

28. Even after the fact the plaintiffs have not received any notice or information as to whether their property could be retrieved and how to do so.

29. Among other things, the plaintiffs lost the following items:

    a.    Allen Hostetler - a small cot/bed; a battery-operated ceramic heater, blankets, clothing, prescription medication. Additionally, both his cell phone and tent were damaged.

    b.    Vance Briggs – a tent, blankets, pants, shoes, lantern, camp stove, gloves, hats, and a mountain bike.

    c.    Michael Miller – a tent, clothing, blankets, shoes, a grill, prescription medication, birth certificate, and social security card.

    d.    Angela Day- tents, prescription medication, a walker, a glider, clothes, propane heater, extra propane tanks, clothes, blankets, a grill, a mattress and box spring

    e.    George Bishop –a number of tents, clothing, bedding, cooking stove, box springs and mattress, boots, food, fishing poles, a cooler.

30. At no time did plaintiffs abandon their property. At no time did they intend to terminate their ownership in the property. Nor would a reasonable person deem their property to be abandoned or their ownership interest terminated as their property was neatly organized in a small area underneath the bridge where defendants knew homeless people were residing.

31. There was no legal justification to seize and destroy plaintiffs' property.

32. There was no cause to seize Mr. Hostetler and to forcibly remove him from his tent and the force applied to Mr. Hostetler was unreasonable and excessive.

33. The actions of defendants have caused plaintiffs damage.

34. At all times defendants have acted under color of state law.

**Legal claims**

35. The seizure and destruction of plaintiffs' property by defendants violated the Fourth Amendment to the United States Constitution in that it represents an unreasonable seizure unsupported by any cause.

36. The seizure and destruction of plaintiffs' property by defendants violated procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution in that it was accomplished without adequate notice and without any opportunity for plaintiffs to retrieve their property.

37. The seizure of Allen Hostetler was unreasonable and utilized excessive force in violation of the Fourth Amendment to the United States Constitution.

**Request for relief**

WHEREFORE, plaintiffs request that this Court:

a. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b. Declare the defendants have violated plaintiffs' constitutional rights as set out above.

c. Award plaintiffs their damages.

d. Award plaintiffs their costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

e. Award all other proper relief.

Kenneth J. Falk  
ACLU of Indiana  
1031 E. Washington St.  
Indianapolis, IN 46202  
317/635-4059  
fax: 317/635-4105  
kfalk@aclu-in.org  

Attorney for Plaintiffs